MURPHY v. MURPHY.   (No. 366.)

(Court of Civil Appeals of Texas. El Paso.
Nov. 19, 1914.   Rehearing Denied
Dec. 10, 1914.)

APPEAL AND ERROR (§ 302*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Under Rev. St. 1911, art. 1612, as amended by Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), providing that the assignments made as grounds for a new trial in a motion duly filed shall constitute the assignments of error on appeal, where a motion for a new trial purported to give a history of the proceeding, but contained no charges of error on the part of the trial court and nowhere alleged that the evidence was insufficient to sustain the verdict, it was insufficient to present any error for review on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1744–1752; Dec. Dig. § 302.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by Mary H. Murphy against William J. Murphy. Judgment for defendant, and plaintiff appeals. Affirmed.

R. H. Holland and E. H. Bailey, both of Houston, for appellant. Monta J. Moore, of Los Angeles, Cal., for appellee.

HARPER, C. J. This is an appeal from a decree of divorce in favor of appellee, upon the grounds of abandonment.

Appellant's brief cannot be considered by us for the reason that it does not comply with the statutes and rules for the courts of Texas in presenting assignments of error.

Article 1612, Revised Civil Statutes, 1911, as amended by Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), reads as follows:

"The appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies, before he takes the transcript of the record from the clerk's office; provided, that where a motion for new trial has been filed that the assignments therein shall constitute the assignments of error and need not be repeated by the filing of the assignments of error, and provided further, that all errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the court to the error complained of."

The motion for a new trial now constitutes the assignments of error and, to be sufficient, the assignments therein must be distinctly specified, or else they are waived.

The motion for a new trial found in the record in a narrative form gave the history of the disagreements and troubles, etc., of the parties to the suit from the date of separation up to the time of filing the motion. It nowhere charges that the court erred, and nowhere charges that the evidence was insufficient to sustain the verdict.

And the brief filed in no way complies with rules 29, 30, etc., applicable to briefs to be filed in this court.

There being no error apparent of record, the cause is affirmed.